# EXHIBIT A

Filing # 73095236 E-Filed 06/05/2018 01:07:04 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

JESSE WOODS,

    Plaintiff,                                                CASE NO.: _____

v.

FORFEITURE SUPPORT ASSOCIATES, LLC,
a foreign Corporation,

    Defendant.
_____/

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSE WOODS (hereinafter "Woods" or "Plaintiff"), through his undersigned counsel, files this Verified Complaint and Demand for Jury Trial against FORFEITURE SUPPORT ASSOCIATES, LLC ("FSA"), and alleges the following:

### NATURE OF ACTION

1. This is an action against FSA seeking remedies for violations of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

### JURISDICTION AND VENUE

2. The instant suit is a claim for damages in excess of $15,000.00.

3. This Court has jurisdiction over Woods's claims pursuant to section 26.012(2)(a), Florida Statutes and section 760.11, Florida Statutes.

4. Venue is proper in the Eighteenth Judicial Circuit of Florida because the acts and omissions that gave rise to this action occurred in Seminole County, Florida.

### PARTIES

5. At all times material to this case, Woods was a resident of the State of Florida and was employed and did business in Seminole County, Florida.

6. At all times material this case, FSA was a foreign corporation conducting business in Seminole County, Florida.

7. At all times material to this case, FSA employed more than fifteen (15) employees.

8. At all times material hereto, FSA was an "employer" as defined by section 760.02(7), Florida Statutes, because it employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the year in which the unlawful employment practices took place and the preceding calendar year.

9. At all times material hereto, FSA was the employer of Woods.

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10. Woods has complied with all procedural requirements necessary to bring this cause of action.

11. Woods dual filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against FSA. Woods subsequently filed an Amended Charge of Discrimination ("Amended Charge") against FSA.

12. Woods filed his Amended Charge on February 26, 2015.

13. The FCHR made no determination as to the merits of Woods' allegations within the one-hundred eighty (180) day period following the filing of the Charge of Discrimination.

14. Woods has satisfied any and all administrative requirements precedent to the filing of this action and is permitted to proceed to court pursuant to section 760.11, Florida Statutes.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Woods began his employment with FSA on or about March 4, 2011.

16. Woods was employed as a Data Analyst in FSA's Heathrow, Florida, office.

17. During Woods's first three years with FSA, he received positive feedback for his contributions to the company, and he did not have any disciplinary issues of significance.

18. In April 2014, Woods unfortunately began to experience symptoms indicating that he was suffering from a psychiatric condition.

19. Woods requested from FSA, and FSA granted, a leave of absence.

20. During Woods's leave of absence, which lasted for three (3) weeks, Woods was evaluated by and received treatment from a psychologist and his primary care physician.

21. Ultimately, both health care professionals cleared Woods to return to work.

22. On or about June 5, 2014, Woods had a relapse of his symptoms and again required leave to undergo treatment.

23. On or about July 10, 2014, Woods's physician released him to return to work on Monday, July 14, 2014.

24. Woods provided a copy of the note from his physician to FSA on or about July 11, 2014.

25. FSA should have permitted Woods to return to his prior position, or an equivalent position, on July 14, 2014.

26. FSA did not reinstate Woods.

27. FSA instead advised Woods via an electronic mail message from FSA's South Regional Director, Peter McCormick, that Woods would have to obtain a letter from his

physician containing a "guarantee that there will be no repeat episodes" prior to Woods being permitted to return to work.

28. FSA copied representatives of FSA's client, the Drug Enforcement Administration ("DEA"), a law enforcement agency under the umbrella of the Department of Justice, on electronic mail messages containing information relating to Woods's condition.

29. Predictably, Woods's physician was unable to comply with FSA's demand that Woods "guarantee" that there would be no further relapses.

30. Nonetheless, Woods's physician authored a second letter, addressed to FSA's Human Resources Department, in which he confirmed that Woods was "taking his medications as indicated and is in stable condition" and provided "clear authorization to return to work fully with no restrictions."

31. Despite the certification from Woods's physician, FSA advised Woods that he would not be returned to work.

32. Instead, FSA notified Woods, via a letter dated July 21, 2014, that his employment was terminated.

33. FSA stated that it had been "informed by the [DEA] that [Woods's] access to DEA information and the work site facility had been denied."

34. FSA further maintained that "[Woods's] ability to access DEA information and the building is a condition of [his] employment," necessitating his termination.

35. FSA terminated Woods's employment effective July 14, 2014.

36. As a result of the actions of FSA, Woods has suffered economic losses, including salary and benefits.

37. Woods also suffered from emotional distress as a result of the conduct of FSA.

4

38. Woods has engaged the services of legal counsel and is obligated to pay counsel the reasonable fees incurred in this action. Therefore, Woods is entitled to seek an award of attorneys' fees for bringing this action as part of his costs, pursuant to section 760.11(5), Florida Statutes.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA: FAILURE TO ACCOMMODATE

39. Woods hereby incorporates the allegations set forth in Paragraphs 1 through 38 by reference into Count I.

40. At all times material to this case, Woods had a disability as defined by the FCRA as he has mental impairments that substantially limit one or more major life activities.

41. At all times material to this case, Woods, as a Data Analyst, was qualified to perform the essential functions of his position with or without a reasonable accommodation.

42. On July 14, 2014, FSA abruptly terminated Woods's employment.

43. FSA's decision to terminate Woods was based on his disabilities.

44. FSA violated the FCRA when it terminated Woods's employment because of his disabilities.

45. As a direct and proximate cause of FSA's discriminatory acts, Woods has incurred, and will continue to incur, economic damages in the form of lost wages and benefits and other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

46. The unlawful employment practices complained of and the actions of FSA and/or its agents were willful, wanton, intentional, and committed with malice or reckless indifference to Woods's protected rights, entitling him to seek an award of punitive damages.

5

47. Woods has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, Woods respectfully demands that judgment be entered against FSA for the following damages:

    i. Back pay;

    ii. Front pay in lieu of reinstatement;

    iii. Compensatory damages;

    iv. Punitive damages;

    v. Reasonable attorneys' fees and costs; and

    vi. Any other relief this Court deems just and proper.

**COUNT II**
**UNLAWFUL RETALIATION IN VIOLATION OF THE FCRA**

48. Woods hereby incorporates the allegations set forth in Paragraphs 1 through 38 by reference into Count II.

49. FSA violated the FCRA by retaliating against Woods for exercising his right to accommodations under the FCRA.

50. The retaliatory and adverse employment actions suffered by Woods, including his involuntary termination, were in close temporal proximity of FSA being made aware of Woods's disabilities.

51. The adverse employment actions suffered by Woods arose out of, were related to, and were in retaliation for Woods exercise of rights under the FCRA.

52. As a direct and proximate cause of FSA's discriminatory acts, Woods has incurred, and will continue to incur, economic damages in the form of lost wages and benefits

and other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

53. The unlawful employment practices complained of and the actions of FSA and/or its agents were willful, wanton, intentional, and committed with malice or reckless indifference to Woods's protected rights, entitling him to seek an award of punitive damages.

54. Woods has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Woods respectfully demands that judgment be entered against FSA for the following damages:

    i. Back pay;

    ii. Front pay in lieu of reinstatement;

    iii. Compensatory damages;

    iv. Punitive damages;

    v. Reasonable attorneys' fees and costs; and

    vi. Any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Jesse Woods, hereby demands trial by jury on all issues so triable as a matter of right.

Date: June 5, 2018.                    Respectfully submitted,

<div style="margin-left: 3em;">

s/David H. Spalter
David H. Spalter, Esquire
Florida Bar No. 0966347
Jill S. Schwartz, Esquire
Florida Bar No. 523021
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Boulevard, Suite 212
Winter Park, Florida 32789-3745
Telephone:  (407) 647-8911
Facsimile:  (407) 628-4994
E-mail: dspalter@schwartzlawfirm.net
E-mail: jschwartz@schwartzlawfirm.net
Attorneys for Plaintiff

</div>

8

## VERIFICATION

Personally appeared before the undersigned, JESSE WOODS, who being first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand for Jury Trial, consisting of Paragraphs 1 through 54, plus WHEREFORE clauses, are true and correct to the best of his knowledge, information, and belief.

_____
JESSE WOODS

STATE OF FLORIDA  )
COUNTY OF Orange  )

The foregoing instrument was acknowledged before me this ___21___ day of ___May___ 2018 by JESSE WOODS, who is personally known to me or who has produced ___Fl DL___ as identification, and who did take an oath.

_____
Notary Public—State of Florida at Large

My Commission Expires: _____

MARLENG LOGAN
MY COMMISSION # EE 9057
EXPIRES: August 14, 2018

9

Filing # 73095236 E-Filed 06/05/2018 01:07:04 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR SEMINOLE COUNTY, FLORIDA

JESSE WOODS,

    Plaintiff,                     CASE NO.: 2018-CA-001449-16K-K

vs.

FORFEITURE SUPPORT ASSOCIATES,
LLC,

    Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:

**FORFEITURE SUPPORT ASSOCIATES, LLC**
c/o Registered Agent
CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

    The Defendant is hereby required to serve written defenses to the Complaint or Petition on Jill S. Schwartz & Associates, P.A., whose address is 655 W. Morse Boulevard, Suite 212, Winter Park, Florida 32789, within twenty (20) days after service of this Summons on upon said Defendant, exclusive of the day of service, and to file the original of the answer with the Clerk of this Court, either before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    DATED ON _____JUNE    6_____, 2018.

                            Grant Maloy
                            Clerk of the Circuit Court And Comptroller



                            _Michele Alexander_
                            By:
                            Deputy Clerk

Filing # 73095236 E-Filed 06/05/2018 01:07:04 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>EIGHTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>SEMINOLE</u> COUNTY, FLORIDA

Case No.: 2018-CA-001449-16K-K
Judge: _____

JESSE WOODS
Plaintiff
vs.
FORFEITURE SUPPORT ASSOCIATES, LLC
Defendant

II.  **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Non-monetary declaratory or injunctive relief;
    ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** ( )
(Specify)

    2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ David H. Spalter     FL Bar No.: 966347
   Attorney or party                                        (Bar number, if attorney)

David H. Spalter    06/05/2018
  (Type or print name)                              Date

Filing # 79078844 E-Filed 10/09/2018 02:10:53 PM

## RETURN OF SERVICE

State of Florida        County of Seminole        Circuit Court

Case Number: 2018-CA-001449-18K-K

Plaintiff:
JESSE WOODS,

vs.

Defendant:
FORFEITURE SUPPORT ASSOCIATES, LLC,

For:
DAVID H. SPALTER, ESQ
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W MORSE BLVD
STE 212
WINTER PARK, FL 32789-3745

Received by VERNIKOS PROCESS SERVICE, INC. on the 28th day of September, 2018 at 11:54 am to be served on FORFEITURE SUPPORT ASSOCIATES, LLC, C/O REGISTERED AGENT CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

I, HENRI WERNER, do hereby affirm that on the 1st day of October, 2018 at 10:40 am, I:

served a CORPORATION by delivering a true copy of the Summons and Verified Complaint And Demand For Jury Trial with the date and hour of service endorsed thereon by me, to: DONNA MOCH as Sr Corp Operations Mgr For RA for FORFEITURE SUPPORT ASSOCIATES, LLC,, at the address of: 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Licensed Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts containes herein are true to the best of my knowledge. No Notary Required Pursuant to FS 92.525.

HENRI WERNER
847

VERNIKOS PROCESS SERVICE, INC.
PO BOX 195242
WINTER SPRINGS, FL 32719
(407) 257-5124

Our Job Serial Number: FTR-2018000177

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0g

*** E-FILED: GRANT MALOY, CLERK OF CIRCUIT COURT SEMINOLE COUNTY, FL ****